IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DARNELL KELLEY and PHYLLIS LEE-KELLEY, | )<br>)<br>) |
| Plaintiffs, | ) NO. 2:22-cv-00733-LA<br>) |
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES and XAVIER BECERRA, SECRETARY OF THE DEPT. OF HEALTH AND HUMAN SERVICES, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Subrogated Plaintiffs;<br>v. | )<br>)<br>) |
| MENARD, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| MENARD, INC., | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| DJUAN WILLIAMS a/k/a DAJUAN WILLIAMS, | )<br>)<br>) |
| Third-Party Defendant. | ) |

**MENARD, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO USE ALTERNATIVE SERVICE AND FOR EXTENSION OF TIME TO SERVE THIRD-PARTY DEFENDANT**

NOW COMES Defendant and Third-Party Plaintiff, MENARD, INC. ("Menard"), by counsel, LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its Memorandum in Support of its Motion for Leave to Use Alternative Service and for Extension of Time to Serve Third-Party Defendant, provides the following:

## I. PROCEDURAL BACKGROUND

On June 5, 2023, this Court granted Menard leave to file its Third-Party Complaint against Williams. [DE No. 32]. Menard filed its Third-Party Complaint on June 13, 2023. [DE No. 33]. Pursuant to Fed. R. Civ. P. 4(m), Menard had 90 days, or to and including September 11, 2023, to serve Williams with a summons and the Third-Party Complaint.

After filing its Third-Party Complaint, Menard promptly retained a local process server to effect personal service on Williams, who is believed to reside in the Milwaukee area. To date, several attempts at service have been made at various Milwaukee addresses (seven (7) different addresses in total) that were either provided by Plaintiffs in discovery or identified by the process server. [DE Nos. 33-2, 36, 37]. Unfortunately, service attempts at these multiple addresses have not been successful. [Exhibit A – Affidavit of Non-Service].

On September 11, 2023, Menard filed its Motion for Additional Time to Serve Alias Summons and Third-Party Complaint seeking an additional sixty (60) days, to and including November 10, 2023, to do so. [DE No. 38]. Finding good cause shown, the Court granted Menard's request for additional time by way of its Order dated September 19, 2023. [DE No. 39]. Menard then retained a private investigator to help locate Williams and obtain a current service address. Unfortunately, the private investigator has also not been able to locate an address for Williams.

Plaintiff, Darnell Kelley, was deposed on September 27, 2023. He was questioned extensively about the current whereabouts of Williams. Mr. Kelley testified that he had no further information about Williams' current whereabouts. (Exhibit B – Deposition of Darnell Kelley, pp. 74-76).

At this point, Menard's only option is to effect service by an alternate means, that of service by publication, and therefore, Menard seeks the Court's permission to serve Williams in this manner as permitted by Fed. R. Civ. P. 4(e)(1) and Wis. Stats. §§ 801.11(1)(c) and 985. See also *Moreland v. Dorsey Thornton & Assocs. LLC*, 2010 U.S. Dist. LEXIS 139036, 2010 WL 5463333 (E.D. Wis., Dec. 29, 2010).

## II.  RELEVANT LAW

### A.  Request for Service by Alternative Means.

The Federal Rules of Civil Procedure control how service is effectuated. One means by which a party may effectuate service is through publication.

Fed. R. Civ. P. Rule 4(e) provides the following:

(e) *Serving an Individual Within a Judicial District of the United States*. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[1]; or

(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Since Menard's efforts to serve Williams pursuant to Rule 4(e)(2)(A) and (B) were unsuccessful, Menard now looks to Wisconsin state law for an alternative means to serve an alias summons and its Third-Party Complaint on Williams pursuant to Rule 4(e)(1).

---

[1] The Court's jurisdiction in the instant action is based on diversity.

Wis. Stat. § 801.11(c) provides in relevant part:

> (c) If with reasonable diligence the defendant cannot be served under par. (a) [personal service] or (b) [leaving at usual place of abode], service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. ***The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.*** (emphasis added).

Wis. Stat. § 985 provides specific instructions on service by publication.

Similar to the plaintiff in *Moreland v. Dorsey, Thornton & Associates, LLC*, Menard has exhausted all other methods of service such that service by publication is reasonable as it is the only viable option left for Menard. 2010 U.S. Dist. LEXIS 139036, 2010 WL 5463333 (E.D. Wis., Dec. 29, 2010).

While *Moreland* dealt with service by publication of a company, the same logic applies for individuals to be served under Rule 4(e)(1). As Judge Stadtmueller aptly noted in his decision:

> [I]f with reasonable diligence a defendant cannot be served by the means set forth above then a summons may be served upon a limited liability company by publication and mailing. *Wis. Stat. 801.11(5)(b)*. The provisions regarding publication, *Wis. Stat. 801.11(1)(c)* and *Wisc. Stat. Chapter 985*, allow for service of process by way of publication and mailing. Under *Wis. Stat. 985*, plaintiff requests this court grant an order allowing service by publication for a term of once a week for three (3) consecutive weeks in a newspaper likely to give notice to defendant. Because it is apparent that plaintiff has attempted unsuccessfully and with reasonable diligence to serve the defendant with process by the approved methods under both federal and state law, the court finds it appropriate to grant plaintiff's motion to approve alternative service by way of publication and mailing in accordance with Wisconsin law.

*Id.* at *6-7.

As in *Moreland*, because Menard "has attempted unsuccessfully and with reasonable diligence" to serve Williams "with process by the approved methods under both federal and state law," service by publication is appropriate at this juncture. *Id.*

Lastly, given that neither Menard's process server, nor its private investigator were able to locate a current address for Williams, Menard respectfully requests that it be excused from the mailing requirement of Wis. Stat. § 801.11(1)(c), as well as the request for waiver of service requirement of Rule 4(d), as a post-office address for Williams cannot be ascertained with reasonable diligence as has been demonstrated herein.

### B. Request for Additional Time to Serve Third-Party Defendant.

Rule 4(m), *Time Limit for Service*, provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time. ***But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*** (emphasis added).

In light of the foregoing, and pursuant to Fed. R. Civ. P. 4(m), Menard also respectfully requests additional time to effect service on Williams by publication, and as such, seeks an additional 60 days, to and including January 9, 2024, to do so, which is an appropriate period as indicated in Rule 4(m).

This request is not made for the purposes of delay, nor will any party be prejudiced by the granting of this request. Menard has demonstrated good faith and due diligence in its continuous efforts to effect service of a summons and the Third-Party Complaint on Williams, leaving publication as the only viable option for service upon him.

### III. CONCLUSION

WHEREFORE, Menard, Inc., respectfully requests that it be permitted to serve Third-Party Defendant, Djuan Williams a/k/a Dajuan Williams, with an Alias Summons and its Third-Party Complaint via publication pursuant to Fed. R. Civ. P. 4(e)(1), Wis. Stats. §§ 801.11(1)(c) and 985; that it be excused from the request for waiver of service requirement of Rule 4(d) and

the mailing requirement of Wis. Stat. § 801.11(1)(c); and that Menard's time to effect service by publication be extended by 60 days, to and including January 9, 2024, or for a period of time as the Court deems appropriate.

Dated 10th day of November, 2023.

                                        Respectfully submitted,

                                        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                        By:   */s/ Jessica L. Mullen*
                                                 One of Defendant/Third-Party Plaintiff's Attorneys

Timothy J. Young (WI Bar No. 1014437)
Ruth E. Goldwater McCoy (WI Bar No. 1113531)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T: 312.345.1718 | F: 312.345.1778
Tim.Young@lewisbrisbois.com
Ruth.McCoy@lewisbrisbois.com

Jessica L. Mullen (WI Bar No. 1037574)
2211 Main Street, Suite 3-2A
Highland, Indiana 46322
T: 219.440.0600 | F: 219.440.0601
Jessica.Mullen@lewisbrisbois.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing *Menard, Inc.'s Memorandum in Support of Motion for Leave to Use Alternative Service and For Extension of Time to Serve Third-Party Defendant* was filed with the Clerk of U.S. District Court for the Eastern District of Wisconsin on November 10, 2023. All ECF users will receive electronic notification of this filing.

                                                        By:   */s/ Jessica L. Mullen*